Wyly, J.
The defendant, the administratrix of the succession of J. Spears, appeals from the judgment against her for $387 86 on an account, and the iurther sum of $1100, the amount of a note, with eight per cent per annum interest thereon from eighteenth June, 1870. The answer denies any indebtedness except on the note attached to plaintiff’s petition, which has been “extinguished, novated and settled” as stated in the answer. The alleged extinguishment or settlement of the note has not been established by the defendant, who now contends that the judgment for the amount of the note should be annulled because plaintiff neglected to offer it in evidence. When defendant admitted the validity of the note and pleaded against it the extinguishment, novation and settlement stated in the answer, no proof was required of plaintiff to establish an indebtedness on the note, the law requiring no one to prove what is admitted in the answer.
Under the pleadings in regard to the note, the only question was whether there was an extinguishment, novation or settlement as alleged by the defendant, upon whom the proof devolved. The objection that the answer was not offered in evidence is frivolous. Pleadings make up the case, and are never offered in evidence on the trial thereof. The evidence supports the judgment on the account. The court did not err in refusing to permit defendant to set up and. prove an individual account against plaintiff in compensation or discharge of a debt due to him as tutor. The rights of the minors whom plaintiff *538 represents in this action are in no manner affected by his individual indebtedness to defendant. The entries made in plaintiff’s books in the handwriting of J. P. Spears, the bookkeeper, against himself or debiting himself, were admissible against the succession of the latter. The declarations or statements of the witness Post to plaintiff previous to the trial were not admissible against plaintiff, because they were the declarations or statements of a third person not a party in interest. The court did not err, and the bills of exceptions were not well taken.
The statement in the brief of defendant that the judgment allows eight per cent interest on the indebtedness on the account is incorrect; no interest was allowed on this part of the claim. The judgment only allows eight per cent, interest on the amount of the note from the maturity thereof.
. The defendant also claims a reversal of the judgment, because, as written, it is absolute and not a judgment to be paid in due course of administration. This was evidently a clerical error in drawing the judgment, and is of no consequence, because the judgment must be construed with reference to the petition, wherein it is prayed that plaintiff’s demand be paid in due course of administration. The prescription of three years was not well pleaded. On the whole, the defense is without merit.
Judgment affirmed.
Rehearing refused.